IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBY EXARHOS and <br> TARA EXARHOS <br> <br> Plaintiffs, <br> <br> vs. <br> <br> JPMORGAN CHASE BANK, <br> NATIONAL ASSOCIATION, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiffs Bobby Exarhos and Tara Exarhos, bring this action to obtain redress for the failure of JPMorgan Chase Bank, National Association ("Chase") to properly handle their complaints about unauthorized debits from their Chase asset accounts. Plaintiffs complain of violation of the Electronic Fund Transfer Act, 15 U.S.C. §1693 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the Electronic Fund Transfer Act, 15 U.S.C. §1693m and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue in this District is proper because a material part of the events at issue occurred here.

## PARTIES

4. Plaintiffs Bobby Exarhos and Tara Exarhos are residents of Chicago, Illinois.

5. Defendant JPMorgan Chase Bank, National Association ("Chase") is a federally chartered corporation with its principal office at 1111 Polaris Parkway, Columbus, OH 43240. Chase does business in Illinois. It has over 300 branches in the state, including one at One Chase

Plaza, Chicago, IL 60603.

## FACTS

6. Plaintiffs maintained a joint checking account at Chase account number ending in 5372.

7. On information and belief, Plaintiffs were a victim of the July 2019 Capital One and Amazon AWS data breach, which is currently the subject of a Multi-District Litigation Class Action (See *In re Capital One Consumer Data Security Breach Litigation*, No. 1:19md2915 (AJT/JFA) (E.D. Va.) ("Amazon AWS Data Breach").

8. Between October 2019 and July 22, 2020, a number of unauthorized debit transactions were made on the account ending in 5372. All were made in the name of "Amazon.com Servi Internet" or "Amazon.com Marketplace Internet" (also known as "Amazon AWS") with varying identification numbers. (Exhibit A, pp. 2-3)

9. On information and belief, the transactions were a result of the Amazon AWS Data Breach.

10. Plaintiffs did not authorize or benefit from the transactions.

11. Mr. Exarhos reported the unauthorized transactions to Chase in writing on July 24, 2020. (Exhibit B)

12. The total amount of the unauthorized transactions exceeded $500.

13. Most of the transactions that Plaintiffs reported to Chase had first appeared on a statement within 60 days prior to July 24, 2020.

14. Subsequent to reporting the unauthorized transactions to Chase, Plaintiffs closed the Chase account ending in account number 5372 and opened a new joint Chase account ending in account number 8718.

15. By letter of August 14, 2020 (Exhibit A), Chase stated, "We will not be crediting certain transactions because you are responsible for any transactions that occur more than 60 days after we send the first statement on which unauthorized transactions appear, which was 10/16/2019."

16. The quoted statement is not accurate, as set forth below.

17. Chase did not claim that reporting the earliest transactions would have enabled it to block any later transaction.

18. Under 15 U.S.C. §1693f(a):

If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 906(a), (c), or (d) [15 USCS § 1693d(a), (c), or (d)] or notification pursuant to section 906(b) [15 USCS § 1693d(b)], receives oral or written notice in which the consumer—

(1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;

(2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 906(b) [15 USCS § 1693d(b)], the consumer's account, contains an error and the amount of such error; and

(3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,

the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. The financial institution may require written confirmation to be provided to it within ten business days of an oral notification of error if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent. A financial institution which requires written confirmation in accordance with the previous sentence need not provisionally recredit a consumer's account in accordance with subsection (c), nor shall the financial institution be liable under subsection (e) if the written confirmation is not received within the ten-day period referred to in the previous sentence.

19. An "error" is defined in 15 U.S.C. §1693m(f) to include "an unauthorized electronic fund transfer".

20. Plaintiffs' notice of July 24, 2020 satisfied the requirements of 15 U.S.C. §1693f(a).

21. On August 5, 2020 an unauthorized debit transaction was made on the account ending in 8718 in the amount of $211.99 to vendor "Amazon MarketPla Internet." (Exhibit C)

22. On August 24, 2020, Plaintiffs, through counsel sent a letter to Chase responding to Chase's August 14, 2020 denial letter and disputing the transactions withdrawn from the Chase account ending in 5372. (Exhibit D)

23. On August 24, 2020, Plaintiffs, through counsel, sent a second dispute letter to Chase reporting the August 5, 2020 unauthorized debit transaction on the Chase account ending in 8718. (Exhibit E)

24. Chase did not respond to either August 24, 2020 letter and did not issue any provisional credits.

25. On October 5, 2020, Plaintiffs, through counsel, sent a follow-up dispute letter to Chase regarding the transactions identified in the two August 24, 2020 letters. (Exhibit F)

26. Chase did not respond to the October 5, 2020 letter and did not issue any provisional credits.

27. Under 1693m(b)-(c):

(b) Correction of error; interest. If the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error, subject to section 909 [15 USCS § 1693g], including the crediting of interest where applicable.

(c) Provisional recredit of consumer's account. If a financial institution receives notice of an error in the manner and within the time period specified in subsection (a), it may, in lieu of the requirements of subsections (a) and (b), within ten business days after receiving such notice provisionally recredit the consumer's account for the amount alleged to be in error, subject to section 909 [15 USCS § 1693g], including interest where applicable, pending the conclusion of its investigation and its determination of whether an error has occurred. Such investigation shall be concluded not later than forty-five days

after receipt of notice of the error. During the pendency of the investigation, the consumer shall have full use of the funds provisionally recredited.

(d) Absence of error; finding; explanation. If the financial institution determines after its investigation pursuant to subsection (a) or (c) that an error did not occur, it shall deliver or mail to the consumer an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. The financial institution shall include notice of the right to request reproductions with the explanation of its findings.

28. Chase did not credit Plaintiffs' account with the unauthorized charges.

29. Chase did not respond to Plaintiffs' August 24, 2020 or October 5, 2020 letters.

30. Chase did not provide any explanation as to its findings related to the unauthorized debit transactions.

31. Chase did not issue any provisional credits in response to Plaintiffs' August 24, 2020 or October 5, 2020 letters.

32. Chase's letter of August 14, 2020 did not accurately state the circumstances under which it could refuse to credit unauthorized transactions.

33. Under 15 U.S.C. § 1693g:

§ 1693g. Consumer liability

(a) Unauthorized electronic fund transfers; limit. A consumer shall be liable for any unauthorized electronic fund transfer involving the account of such consumer only if the card or other means of access utilized for such transfer was an accepted card or other meanas [means] of access and if the issuer of such card, code, or other means of access has provided a means whereby the user of such card, code, or other means of access can be identified as the person authorized to use it, such as by signature, photograph, or fingerprint or by electronic or mechanical confirmation. In no event, however, shall a consumer's liability for an unauthorized transfer exceed the lesser of—

(1) $50; or

(2) the amount of money or value of property or services obtained in such unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the

> consumer's account has been or may be affected. Notice under this paragraph is sufficient when such steps have been taken as may be reasonably required in the ordinary course of business to provide the financial institution with the pertinent information, whether or not any particular officer, employee, or agent of the financial institution does in fact receive such information.

Notwithstanding the foregoing, reimbursement need not be made to the consumer for losses the financial institution establishes would not have occurred but for the failure of the consumer to report within sixty days of transmittal of the statement (or in extenuating circumstances such as extended travel or hospitalization, within a reasonable time under the circumstances) any unauthorized electronic fund transfer or account error which appears on the periodic statement provided to the consumer under section 906 [15 USCS § 1693d]. In addition, reimbursement need not be made to the consumer for losses which the financial institution establishes would not have occurred but for the failure of the consumer to report any loss or theft of a card or other means of access within two business days after the consumer learns of the loss or theft (or in extenuating circumstances such as extended travel or hospitalization, within a longer period which is reasonable under the circumstances), but the consumer's liability under this subsection in any such case may not exceed a total of $500, or the amount of unauthorized electronic fund transfers which occur following the close of two business days (or such longer period) after the consumer learns of the loss or theft but prior to notice to the financial institution under this subsection, whichever is less.

(b) Burden of proof. In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) have been met, and, if the transfer was initiated after the effective date of section 905, that the disclosures required to be made to the consumer under section 905(a)(1) and (2) [15 USCS § 1693c(a)(1) and (2)] were in fact made in accordance with such section.

(c) Determination of limitation on liability. In the event of a transaction which involves both an unauthorized electronic fund transfer and an extension of credit as defined in section 103(e) of this Act [15 USCS § 1602(e)] pursuant to an agreement between the consumer and the financial institution to extend such credit to the consumer in the event the consumer's account is overdrawn, the limitation on the consumer's liability for such transaction shall be determined solely in accordance with this section.

(d) Restriction on liability. Nothing in this section imposes liability upon a consumer for an unauthorized electronic fund transfer in excess of his liability for such a transfer under other applicable law or under any agreement with the consumer's financial institution.

(e) Scope of liability. Except as provided in this section, a consumer incurs no liability from an unauthorized electronic fund transfer.

34. Under 15 U.S.C. 1693m(e):

(e) Treble damages. If in any action under section 915 [15 USCS § 1693m], the court finds that—

> (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or

> (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation,

then the consumer shall be entitled to treble damages determined under section 915(a)(1) [15 USCS § 1693m(a)(1)].

35. Chase did not make a good faith investigation of the alleged error, did not have a reasonable basis for believing that there was no error, and knowingly and wilfully concluded that the account was not in error when there was no basis for such conclusion.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendants for:

a. $5,000 statutory damages;

b. The amount of the transactions not removed from Plaintiffs' account, plus interest thereon, as actual damages;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as the Court deems proper.

                                            <u>/s/ Daniel A. Edelman</u>
                                            Daniel A. Edelman

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com


## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)